# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS A. HIXENBAUGH JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0062** (BOR Appeal No. 2048378)
             (Claim No. 2004021756)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas A. Hixenbaugh Jr., by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2013, in which the Board affirmed an April 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 20, 2011, decision which denied a request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hixenbaugh, a coal miner, filed an application for permanent total disability benefits on April 6, 2010. In his application, he indicated that he has been granted the following permanent partial disability awards: 1.1% for hearing loss, 33% for the thoracic/lumbar/cervical spine, 8% for the lumbar spine, and 10% for the cervical spine. Additionally, Mr. Hixenbaugh noted that he has been granted Social Security Disability benefits. The evidentiary record indicates that Mr. Hixenbaugh received a 1.1% permanent partial disability award for hearing

1

loss on July 15, 2005. On April 13, 2006, the Office of Judges awarded him a 48% permanent partial disability award for the cervical and lumbar spine.

Prior to applying for permanent total disability benefits, Mr. Hixenbaugh underwent two independent medical evaluations. On April 27, 2004, James Wiley, M.D., assessed 25% cervical spine impairment and 30% lumbar spine impairment. On November 7, 2005, Victor Poletajev, D.C., performed an independent medical evaluation and assessed 31% lumbar spine impairment, 27% cervical spine impairment, and 5% thoracic spine impairment for a combined whole person impairment of 53%. He opined that Mr. Hixenbaugh was totally disabled and incapable of returning to the work force.

The claims administrator denied Mr. Hixenbaugh's request for permanent total disability benefits on December 20, 2011. It stated that the Permanent Total Disability Review Board found that the July 14, 2010, report of Prasadarao Mukkamala, M.D., was the most current, accurate, and reliable assessment of whole body impairment of record. The Board found a total of 35% whole body impairment representing 21% for the lumbar spine, 17% for the cervical spine, and 1% for hearing loss. Accordingly, it concluded that Mr. Hixenbaugh did not meet the threshold of 50% or more in whole body impairment as is required by West Virginia Code § 23-4-6(n)(1) (2005).

The Office of Judges affirmed the claims administrator's decision in its April 30, 2013, Order. It found that the evidence provided indicates that Mr. Hixenbaugh had only received 49.1% in prior permanent partial disability awards. However, the Permanent Total Disability Review Board based its recommendation upon a failure to meet the second threshold of 50% in whole body impairment. Based upon the limited record provided, the Office of Judges concluded that he did not satisfy either threshold. The Office of Judges found that the claims administrator apparently waived the first threshold for consideration. The Permanent Total Disability Review Board found that Mr. Hixenbaugh had 21% lumbar impairment, 17% cervical impairment, and 1% impairment for hearing loss. The Office of Judges concluded that the findings are supported by the preponderance of the evidence. Further, since Mr. Hixenbaugh does not meet the 50% threshold for whole body impairment, permanent total disability benefits were properly denied. The Office of Judges noted that the record is sparse, that it is Mr. Hixenbaugh's burden to establish a claim, and that insufficient evidence was submitted to allow for an alternative ruling.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 23, 2013, decision. The Board of Review noted that Dr. Mukkamala's report is not of record. However, it determined that this fact has no impact upon its decision because Dr. Poletajev's report, upon which Mr. Hixenbaugh relies, predates the 48% permanent partial disability award granted by the Office of Judges on April 13, 2006. The Board of Review stated that it, therefore, could not rely upon Dr. Poletajev's report.

On appeal, Mr. Hixenbaugh argues that the Permanent Total Disability Review Board has no authority to modify his prior permanent partial disability awards by determining that he has 35% whole body impairment. He further argues that the reports of Dr. Wiley and Dr. Poletajev are of equal evidentiary weight to that of Dr. Mukkamala. Eastern Associated Coal, LLC, asserts

that Dr. Mukkamala's report was the most reliable report before the Permanent Total Disability Review Board and it did not err by adopting his finding of 35% whole body impairment. After review, this Court agrees with the conclusions of the Board of Review. The evidentiary record is sparse but indicates that Mr. Hixenbaugh has not met the 50% whole body impairment threshold required under West Virginia Code § 23-4-6(n)(1) for further consideration of permanent total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3